# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH 973 218 1111 • FAX 973 218 1106

September 7, 2005

**VIA HAND DELIVERY**

Clerk of the Court
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    Animal Science Products, Inc., et al. v. China National Metals & Minerals
              Import & Export Corporation, et al.

Dear Sir/Madam:

    Enclosed please find an original and five (5) copies of a Complaint, Civil Cover
Sheet and Summonses for filing in the above-referenced matter. A check in the amount of
$250.00 for payment of the filing fee and a CD containing a PDF version of the above
documents are also enclosed.

    Kindly return a "filed" stamped copy of the Complaint to our messenger who has
been instructed to wait. Please return the Summonses once they have been issued by the
Clerk in the self-addressed, postage prepaid envelope provided.

    Thank you for your attention to this matter.

Very truly yours,

David S. Stone

DSS/aa
Enclosures

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Animal Science Products, Inc. and Resco Products, Inc

**DEFENDANTS**
China National Metals & Minerals Import & Export Corporation, et al.

**(b)** County of Residence of First Listed Plaintiff   Nacogdoches
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Boies, Schiller & Flexner LLP, 150 JFK Parkway, Short Hills, NJ 07078 (973) 218-1111

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                                            and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane       ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability       ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander       ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability       Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine       **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product       ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability       ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle       ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle       Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability       ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**       **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting       ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment       Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/       **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations       ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare       ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -       ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment       ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer w/Disabilities -       ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 4 and 16
Brief description of cause:
Class action arising from conspiracy by Defendants to fix prices and control supply of magnesite

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):      JUDGE                              DOCKET NUMBER

DATE
09/07/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

David S. Stone, Esq. (DS8580)
Robert A. Magnanini, Esq. (RM7356)
Boies, Schiller & Flexner LLP
150 JFK Parkway
Short Hills, NJ 07078
(973 218-1111
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**ANIMAL SCIENCE PRODUCTS, INC.**
2864 FM 1275
Nacogdoches, TX  75961

**RESCO PRODUCTS, INC.**
2 Penn Center West
Pittsburgh, PA  15276,

        Plaintiffs,

    – v. –

**CHINA NATIONAL METALS &
MINERALS IMPORT & EXPORT
CORPORATION**
5 Sanlihe Road, Haidian,
Beijing, China 100101

**MINMETALS, INC.**
120 Schor Avenue
Leonia, NJ  07605

**CHINA NATIONAL MINERALS IMPORT
& EXPORT CORPORATION**
Bldg 15 Block 4 Anhui Li, Chaoyang,
Beijing, China 100101

**XIYANG GROUP**
Xiyang Mansion, Yingluo Town, Liaoning,
Haicheng, China 114200

**XIYANG (PACIFIC) IMPORT & EXPORT
LTD. COMPANY**
Bin Guan, Xiyang Steel & Iron Headquarters
Haicheng, Liaoning, China 114200

Case No. _____
CLASS ACTION COMPLAINT
JURY TRIAL DEMAND

**XIYANG REFRACTORY MATERIALS
LTD. COMPANY**
Yinlou Town
Liaoning, Haicheng China 114300

**XIYANG FIREPROOF MATERIAL CO.
LTD.**
Yinglou Town, Liaoning,
Haicheng, China 114213

**SINOSTEEL CORPORATION**
17B Xichang'an Street, West District
Beijing, China 100031

**CHINA METALLURGICAL IMPORT &
EXPORT CORPORATION**
17B Xichang'an Street, West District
Beijing, China 100031

**LIAONING JIAYI METALS & MINERALS
CO., LTD.**
1 Gangwan Plaza, Zhongshan/
18/F NO.15 Renmin Road
Dalian, China 116001

**LIAONING FOREIGN TRADE GENERAL
CORPORATION**
2 Hongyan Street, Xiyang District
Dalian, China 116001

**LIAONING JINDING MAGNESITE
GROUP**
Nanlou Economic Development District,
Liaoning, Dashiqiao, China 11503

**DALIAN GOLDEN SUN IMPORT &
EXPORT CORP.**
11F Fortune Mansion, 18 Shiji Street, Liaoning,
Dalian, China 116001

**HAICHENG HOUYING CORP. LTD.**
Wanke Dongyuan Building No. 2015
Liaoning, Anshan, China 114002

**HAICHENG HUAYU GROUP IMPORT & EXPORT CO. LTD. (HUAZIYU)**
Hua Zi Yu Village, Bali Town, Liaoning
Haicheng, China

**HAICHENG PAILOU MAGNESITE ORE CO. LTD.**
Pailou Town, Haicheng,
Anshan, China 114207

**YINGKOU HUACHEN (GROUP) CO. LTD.**
Fenshui, Dashiqiao, Liaoning, China 115100

Defendants.

## COMPLAINT FOR ANTITRUST VIOLATIONS

Plaintiffs, by and through their undersigned attorneys, bring this class action on their own behalf and all others similarly situated for treble damages and injunctive relief under the antitrust laws of the United States against the above-named defendants, demanding a trial by jury.  For their Complaint against defendants, plaintiffs allege the following upon information and belief:

## I.   NATURE OF THE ACTION

1.   This action arises out of a conspiracy among all defendants and their co-conspirators with the purpose and effect of fixing prices and controlling the supply of magnesite and magnesite products to be exported to the United States and worldwide, and committing other unlawful practices designed to inflate the prices of magnesite and magnesite products to plaintiffs and other purchasers in the United States and elsewhere.  In particular, the above-named defendants' acts related to price-fixing and supply restraints in the distribution and sale of magnesite and magnesite products constitute per se violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

2.   Defendants have established an illegal cartel -- currently named the Chinese Magnesite Forum -- that is ongoing today and that has deliberately targeted and severely burdened consumers in the United States.  The conspiracy has existed at least during the period from April 2000 to date.  The cartel has affected tens of millions of dollars of commerce in products found in manufacturing facilities and in American households.  The conspiracy has included communications and meetings in which defendants have agreed to limit competition, control supply, and increase prices for magnesite and magnesite products.

## II.   JURISDICTION AND VENUE

3.   Plaintiffs bring this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 4 and 16, to obtain injunctive relief and to recover treble damages and the costs of suit, including

reasonable attorneys' fees, for the injuries sustained by plaintiffs by reason of defendants' violations of the Sherman Act.

4.      This Court has jurisdiction over plaintiffs' Complaint pursuant to 28 U.S.C. § 1337 and 15 U.S.C. §§ 1, 15, 22, and 26.  This Court has jurisdiction over plaintiffs' Complaint against defendants China National Metals & Minerals Import & Export Corporation and other directly-owned state enterprises pursuant to 28 U.S.C. § 1605.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. §§ 15, 22, and 26.  This action is also appropriately assigned to the Newark Vicinage pursuant to L. Civ. R. 40.1 because defendant Minmetals, Inc. is a New Jersey corporation with its principal place of business in Leonia, Bergen County, New Jersey.

6.      Jurisdiction over all defendants comports with the United States Constitution and 15 U.S.C. §§ 15, 22, and 26 and the New Jersey long-arm statute.  Jurisdiction over state-owned defendants is based on 28 U.S.C. § 1608.

III.    **PARTIES**

7.      Plaintiff Animal Science Products, Inc. ("Animal Science") is a Texas corporation with its principal place of business in Nacogdoches, Texas.

8.      Plaintiff Resco Products, Inc. ("Resco Products") is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.

9.      Defendant China National Metals & Minerals Import & Export Corporation ("China Minmetals"), doing business as China Minmetals, is a Chinese state-owned trading company based in Beijing.  China Minmetals is a conglomerate that includes metals and minerals trading, including exports of magnesite to the United States.

10.     Defendant Minmetals Inc. ("Minmetals") is a New Jersey corporation with its principal place of business in Leonia, Bergen County, New Jersey.  Minmetals is a subsidiary and affiliate of China Minmetals.

11.     Defendant China National Minerals Import & Export Corporation ("China National Minerals") is a Chinese trading company based in Beijing.  China National Minerals is a subsidiary and affiliate of China Minmetals.

12.     Defendant Xiyang Group is a Chinese corporation based in China and Hong Kong.  Xiyang Group is a conglomerate that includes metals and minerals trading, including exports of magnesite to the United States.

13.     Defendant Xiyang (Pacific) Import & Export Ltd. Company ("Xiyang Pacific") is a Chinese trading company based in the Liaoning province of China with offices in Hong Kong.  Xiyang Pacific exports magnesite to the United States.  Xiyang Pacific is a subsidiary and affiliate of Xiyang Group.

14.     Defendant Xiyang Refractory Materials Ltd. Company ("Xiyang Refractory") is a Chinese company based in the Liaoning province of China.  Xiyang Refractory is a producer and exporter of magnesite.  Xiyang Refractory is a subsidiary and affiliate of Xiyang Group.

15.     Defendant Xiyang Fireproof Material Co. Ltd. ("Xiyang Fireproof") is a Chinese corporation based in the Liaoning province of China.  Xiyang Fireproof is a producer and exporter of magnesite.  Xiyang Fireproof is a subsidiary and affiliate of Xiyang Group.

16.     Defendant Sinosteel Corporation ("Sinosteel"), formerly China Iron & Steel Industry & Trade Group Corporation, is a Chinese corporation based in China.  Sinosteel is a direct or indirectly state-owned multinational conglomerate that includes metals and minerals trading, including exports of magnesite to the United States.

3

17.    Defendant China Metallurgical Import & Export Corporation ("China Metallurgical") is a Chinese trading company based in Beijing China.  China Metallurgical exports magnesite to the United States.  China Metallurgical is a subsidiary and affiliate of Sinosteel.

18.    Defendant Liaoning Jiayi Metals & Minerals Co. Ltd. ("Liaoning Minmetals"), formerly known as Liaoning Metals & Minerals Import & Export Corporation, is a direct or indirectly owned state company based in the Dalian province of China.  Liaoning Minmetals exports magnesite to the United States.

19.    Defendant Liaoning Foreign Trade General Corporation ("Liaoning Foreign Trade") is a Chinese corporation based in the Liaoning province of China.  Liaoning Foreign Trade is a producer and exporter of magnesite and other export products.

20.    Defendant Liaoning Jinding Magnesite Group ("Liaoning Jinding Magnesite") is a Chinese corporation based in the Liaoning province of China.  Liaoning Jinding Magnesite is a producer and exporter of magnesite.

21.    Defendant Dalian Golden Sun Import and Export Corp. ("Dalian Golden Sun") is a Chinese corporation based in the Dalian province of China.  Dalian Golden Sun is a producer and exporter of magnesite and other export products.

22.    Defendant Haicheng Houying Corp. Ltd. ("Haicheng Huoying") is a Chinese corporation based in the Liaoning province of China.  Haicheng Houying is a producer and exporter of magnesite.  Haicheng Houying also maintains an office in the state of New Jersey, which acts as its foreign trade office in the United States.

23.    Defendant Haicheng Huayu Group Import & Export Co. Ltd. (Huaziyu) ("Haicheng Huayu") is a Chinese corporation based in the Liaoning province of China.  Haicheng Huayu is a producer and exporter of magnesite.

4

24.     Defendant Haicheng Pailou Magnesite Ore Co. Ltd. ("Haicheng Pailou") is a Chinese corporation based in the Liaoning province of China.  Haicheng Pailou is a producer and exporter of magnesite.

25.     Defendant Yingkou Huachen (Group) Co., Ltd. ("Yingkou Huachen") is a Chinese corporation based in the Liaoning province of China.  Yingkou Huachen is a producer and exporter of magnesite and other export products.

26.     Each of these defendants, directly and through affiliates that they dominate and control in this country and outside the United States, is engaged in the business of manufacturing and selling magnesite and magnesite products in the United States and throughout the world.

27.     Each of these defendants and their co-conspirators, directly and through affiliates that they dominate and control in this country and outside the United States, has colluded to control output and set artificial prices for magnesite and magnesite products pursuant to illegal horizontal agreements.  These horizontal practices were designed to, and in fact did, have a substantial and adverse impact in the United States.

28.     The acts charged in this Complaint as having been done by defendants and their co-conspirators, including trading companies in China, were authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management of defendants' business or affairs, and the acts charges in the Complaint continue to the present day.

## IV.     CLASS ACTION ALLEGATIONS

29.     Plaintiff Animal Science brings this action on its own behalf, and under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure, as representatives of a class defined as:  all persons or entities who purchase magnesite or magnesite products manufactured by defendants for delivery in the United States requiring injunctive relief against defendants to end defendants' antitrust violations (the "injunctive relief" class).  Plaintiff Resco Products brings this action on its own

behalf, and under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as representative of a class defined as: all persons or entities who directly purchased magnesite or magnesite products for delivery in the United States from any of defendants or their co-conspirators from April 2000 to the date that the cartel is ended by an injunction or otherwise (the "damages" class). Excluded from both classes are all governmental entities, defendants, their co-conspirators, Chinese trading companies, and their respective subsidiaries and affiliates.

30.    Members of the classes are numerous and joinder is impracticable.

31.    Plaintiffs' claims are typical of the members of the classes. Plaintiffs and all members of the plaintiff classes were damaged by the same wrongful conduct by defendants.

32.    Plaintiffs will fairly and adequately protect and represent the interests of the plaintiff classes. The interests of plaintiffs are coincident with, and not antagonistic to, those of the classes.

33.    Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action and antitrust litigation.

34.    Questions of law and fact common to the members of the classes predominate over questions, if any, that may affect only individual members because defendants have acted on grounds generally applicable to the classes. Such generally applicable conduct is inherent in defendants' collusion.

35.    Questions of law and fact common to the classes include:

   (a)    whether defendants combined, agreed, and conspired among themselves to fix, maintain, or stabilize prices of and control exports for magnesite and magnesite products;

   (b)    the existence and duration of the horizontal agreements alleged in this Complaint to fix, maintain, or stabilize prices of, and control exports for, magnesite and magnesite products;

(c)     whether each defendant was a member of, or participant in, the combination and/or conspiracy alleged in this Complaint;

(d)     whether defendants and their co-conspirators took steps to conceal their conspiracy from plaintiffs and the plaintiff classes;

(e)     whether and to what extent defendants' conduct caused injury to plaintiffs' business or property and the damages class; and, if so, the appropriate measure of damages;

(f)     whether the agents, officers or employees of defendants and their co-conspirators participated in telephone calls and meetings in furtherance of the conspiracy alleged herein; and

(g)     whether plaintiffs and members of the plaintiff classes are entitled to declaratory and/or injunctive relief.

36.     Class action treatment is the superior (if not the only) method for the fair and efficient adjudication of this controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that it might not be practicable to pursue individually, substantially outweigh the difficulties, if any, that may arise in management of this class action.

## V.    **TRADE AND COMMERCE**

37.     Magnesium is the eighth most abundant element on earth and constitutes about two percent of the earth's crust. Magnesite is the naturally occurring carbonate form of magnesium and

represents the largest use of magnesium in the world.  China is estimated to have 80 percent of global magnesite reserves.

38.     Magnesite is mined from magnesium deposits and delivered from the mine to a crushing plant where it is crushed in three stages.  Depending on the grade of the crushed material, the crushed magnesite is used in different production facilities to produce different forms of magnesite.

39.     There are three principal forms of magnesite sold in U.S. commerce.  Dead-burned magnesite ("DBM") is produced by high temperature conversion of magnesite.  DBM is used for the lining of metallurgical or refractory furnaces used for the melting of steel, nonferrous metal and glass and the making of cement.  Approximately 70 percent of the world's production of magnesite is attributable to DBM.

40.     Caustic-calcined magnesite ("CCM") is produced by low temperature conversion. CCM is used in many market segments, including environmental applications.  CCM is used to remove silica and heavy metals from industrial wastewater, to remove sulphur dioxide from industrial gases, and for other uses.  Approximately 22 percent of the world's production of magnesite is attributable to CCM.

41.     A third type of magnesite – electro-fused magnesite ("EFM") or fused magnesite – is produced by fusing CCM at high temperatures in an electric arc furnace.  EFM is divided into two segments: refractory and electrical.  Refractory EFM is used in similar fashion to DBM and is sometimes used in combination with DBM.  Electrical EFM is used in insulating material in heating elements for electrical goods.  Approximately 8 percent of the world's production of magnesite is attributable to EFM.   China accounts for 80 percent of worldwide EFM production.

42.     During the period described in this Complaint, the international market for magnesite and magnesite products was dominated by defendants and their co-conspirators, including producers

of magnesite and magnesite products and trading companies in China exporting magnesite and magnesite products. Defendant producers have lower costs than their western competitors and as a result also dominate the group of manufacturers worldwide who can produce magnesite and magnesite products at costs below other producers. Exporters from China also enjoy a competitive advantage relative to manufacturers in other nations because China has employed a fixed currency exchange rate which undervalues the Yuan, making Chinese exports of magnesite and magnesite products to the United States relatively less expensive compared to exports of magnesite and magnesite products from other nations.

43.     During the period of this Complaint, the conduct of defendants and their co-conspirators has taken place in and affected the interstate and foreign trade and commerce of the United States. Over 650,000 metric tons of magnesite are imported into the United States each year and over sixty percent of that is imported from China. U.S. imports of magnesite and magnesite products from China exceed $50 million per year.

44.     The conduct of defendants and their co-conspirators has directly, substantially and foreseeably restrained such trade and commerce.

## VI.     **FACTUAL BACKGROUND**

### A.     **Violations of Antitrust Laws**

45.     In approximately April 2000, following the 1999 decline of magnesite prices, thirteen producers and exporters of magnesite in China, including mining companies and trading companies, established a cartel called the "Jiayuan Magnesite Export Group" for the export of magnesite, and reached agreement on fixing unified export prices to avoid competitive price cutting. During that same period, a second cartel group formed called the "Huaxia Magnesia Products Export Group." The members of the two cartel groups collectively represented more than 70 percent of the export volume of magnesite in China.

46.     As a result of these cartel agreements, despite slumping demand, the price of magnesite and magnesite products increased during 2000 by over 45 percent compared to 1999. The President of the Jiayuan Magnesite Export Group reported by mid-2001 that the cartel's efforts had been successful and would generate an additional 50 million U.S. dollars in export sales.

47.     By February 2001, the two groups formally established a single cartel under the name of the "Chinese Magnesite Export Association." By this time, the cartel had grown to 23 exporting companies, including defendants.

48.     Since April 2000, the magnesite cartel has conducted several further cartel meetings of defendants and other exporters. On March 22, 2003, at least 19 exporting companies, including defendants, met in Shenyang, China. The cartel members agreed to strengthen self-regulation and cooperation to reduce competition in exports of magnesite. The cartel agreed to establish itself under the name the "China Magnesite Forum" and established goals of restraining competition and establishing limits on export supply in order to maintain and increase prices. The members of the China Magnesite Forum agreed that cartel-related disputes would be arbitrated among themselves by their trade association, the China Chamber of Commerce of Metal, Minerals & Chemicals Importers & Exporters.

49.     After achieving significant price increases, the cartel has successfully stabilized the prices of magnesite and magnesite products in the United States and avoided major price cutting despite low levels of demand.

50.     Defendants began their ongoing combination and conspiracy to suppress competition by fixing the price and controlling export sale volumes of magnesite and magnesite products offered for sale to customers in the United States and elsewhere. The ongoing combination and conspiracy engaged in by the defendants and their co-conspirators is an illegal and unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

51.     During the period of the charged combination and conspiracy, defendants and their co-conspirators have participated in meetings and conversations in China and elsewhere in which the prices, volume of sales, and markets for magnesite and magnesite products were discussed and agreed upon. These meetings have also been coordinated with trade association meetings for associations in which defendants are members.

52.     At the above-described meetings and during the period of the conspiracy, defendants and others agreed to and did eliminate, suppress, and limit competition, by, among other things:

      (a)     discussing the production volumes and prices of magnesite and magnesite products;

      (b)     agreeing to control the supply of magnesite and magnesite products for export;

      (c)     agreeing to increase and maintain prices of magnesite and magnesite products.

53.     In addition to other practices, defendants' illegal concerted conduct was facilitated by their concentrated control over sales of magnesite and magnesite products.  Together, defendants and their co-conspirators dominate the production and sale of magnesite in the world and the United States.  Although non-cartel members represent approximately 30 to 40 percent of the U.S. market, the cartel has been successful because the other producers have higher costs for magnesite and magnesite products, including currency costs, than Chinese producers, which set a floor below which other producers cannot compete.  Further, as the cartel has taken steps to restrain production and increase prices, competitors have shown that they would follow price increases rather than undercut the new cartel price levels.

54.     In 2004, the collusive arrangements of the cartel continued to maintain prices well above those of a competitive market.  Prices of magnesite in the animal feed industry, for example,

have steadily increased during the period of the cartel and risen an overall 25 percent during that period.

55.     The cartel established by defendants and their co-conspirators continues its illegal conduct today.

**B.     The Impermissible Effect on Relevant Markets**

56.     During the conspiracy, prices of magnesite and magnesite products have not followed the laws of supply and demand that exist in a competitive market.  Prices have remained stable or increased during the period of the conspiracy despite low demand.

57.     Due to defendants' price fixing and market allocation activity, the prices of magnesite and magnesite products have increased despite reductions in the cost of production.

**C.     Benefit to Defendants**

58.     Each defendant has substantially benefited from its participation in this illegal price-fixing conspiracy.

**D.     Fraudulent Concealment**

59.     Plaintiffs did not discover and could not discover, through the exercise of reasonable diligence, the existence of the claims sued upon in April 2000 because defendants and their co-conspirators actively, intentionally, and fraudulently concealed the existence of the combination and conspiracy from plaintiffs in the United States through at least the time four years prior to the filing of this Complaint by one or more of the following affirmative acts, including acts in furtherance of the conspiracy:

(a) Meetings which were kept secret from U.S. customers in which the prices, sales volumes, and markets for magnesite and magnesite products were discussed and agreed;

(b) Intentionally setting prices purportedly on a competitive basis when such prices were the result of collusion;

(c) Instructing members of the conspiracy at the above-described meetings not to divulge the existence of the conspiracy to others not in the conspiracy;

(d) Treating cartel agreements and meetings as confidential and proprietary information;

(e) Establishing a secret process for arbitrating disputes over illegal agreements to maintain prices or restrict supply;

(f) Participating in meetings and conversations to monitor and enforce adherence to the agreed-upon price and supply agreements.

## VII.   INJURY TO PLAINTIFFS

60.   Defendants' combination and conspiracy have had the following effects, among others:

(a)   The price of magnesite and magnesite products purchased by plaintiffs (and the plaintiff classes) has been fixed, raised, maintained and stabilized at artificial and non-competitive levels;

(b)   Competition in the sale of magnesite and magnesite products has been restrained.

## VIII.   THE NEED FOR INJUNCTIVE RELIEF

61.   During the period covered by this Complaint, plaintiffs have purchased magnesite and magnesite products from defendants and/or are purchasers of magnesite and magnesite products requiring injunctive relief. By reason of the alleged violations of the antitrust laws, plaintiffs paid more for magnesite and magnesite products and substitute products than they would have paid in the

absence of the illegal combination and conspiracy, and as a result they have been injured and have suffered damages in an amount presently undetermined.

62.     It is in the public interest to enjoin the defendants from continuing to operate a conspiracy and combining to fix the prices of magnesite and magnesite products.

63.     Plaintiffs and the classes will continue to be injured by the defendants' ongoing conduct in violation of the antitrust laws of the United States in the absence of injunctive relief.

## IX.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

A.     That the Court determine that this action may be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to all members of the plaintiff classes;

B.     That the unlawful combination and conspiracy alleged herein be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

C.     That plaintiffs and each class member of the damages class recover three-fold their damages, as provided by law, determined to have been sustained by each of them (using such damage methodologies as may be appropriate at trial), and that joint and several judgments in favor of plaintiffs and the plaintiff classes be entered against defendants and each of them;

D.     That defendants be enjoined from continuing the currently ongoing unlawful combination and conspiracy alleged herein and other appropriate injunctive relief;

E.     That plaintiffs and the plaintiff classes recover their costs of this suit, including reasonable attorneys' fees, as provided by law; and

F.      That plaintiffs and the plaintiff classes be granted such other, further and different relief as the nature of the case may require or as may be deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure, of all issues triable of right by a jury.

Dated:          September 7, 2005


David S. Stone (DS8580)
Robert A. Magnanini (RM7356)
BOIES, SCHILLER & FLEXNER LLP
150 John F. Kennedy Parkway, 4th Floor
Short Hills, NJ 07078
Tel: (973) 218-1111
Fax: (973) 218-1106

Willie L. Hudgins, Jr.
John B. Brew
COLLIER SHANNON SCOTT PLLC
3050 K Street, NW
Washington, DC 20007
Tel: (202) 342-8586
Fax: (202) 342-8451

William A. Isaacson
Tanya S. Chutkan
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW, Suite 800
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131

Edmund W. Searby
Walter W. Noss
SCOTT + SCOTT, LLC
33 River Street
Chagrin Falls, Ohio 44022
Tel: (440) 247-8200
Fax: (440) 247-8275

16

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

### V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Minmetals, Inc.**
      **120 Schor Avenue**
      **Leonia, NJ 07605**


**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY



an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.



_____          _____
CLERK                                       DATE


_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐   Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left·

☐   Returned unexecuted:

☐   Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
        Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Xiyang Refractory Materials Ltd. Company
Yinlou Town
Liaoning, Haicheng, China 114300**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____                    _____
CLERK                                              DATE

_____
(By) DEPUTY CLERK

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐   Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left·

☐   Returned unexecuted·

☐   Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
　　　　　　　　　　Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Liaoning Jiayi Metals & Minerals Co., Ltd.**
**1 Gangwan Plaza, Zhongshan/**
**18/F No. 15 Renmin Road**
**Dalian, China 116001**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____               _____
CLERK                                                           DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐  Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date                                          Signature of Server



                                                                 Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

### V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Dalian Golden Sun Import & Export Corp.**
**11F Fortune Mansion**
**18 Shiji Street, Liaoning**
**Dalian, China 116001**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
CLERK                                      DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐  Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left:

☐  Returned unexecuted·

☐  Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                                    Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO: **China National Metals & Minerals**
**Import & Export Corporation**
**5 Sanlihe Road, Haidian**
**Beijing, China 100101**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

**RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐   Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
           Date

_____
    Signature of Server

_____
    Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:     **China National Minerals**
        **Import & Export Corporation**
        **Bldg. 15, Block 4, Anhui Li, Chaoyang**
        **Beijing, China 100101**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
CLERK                                      DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐   Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left·

☐   Returned unexecuted·

☐   Other (specify)·

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                      Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Xiyang Group**
       **Xiyang Mansion**
       **Yingluo Town, Liaoning**
       **Haicheng, China 114200**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____      _____
CLERK                               DATE

_____
(By) DEPUTY CLERK

**RETURN OF SERVICE**

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted·

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
             Date                          Signature of Server

                                      _____
                                      Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Xiyang (Pacific) Import
& Export Ltd. Company
Bin Guan, Xiyang Steel & Iron Headquarters
Haicheng, Liaoning China 114200**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____                    _____
CLERK                                                  DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Xiyang Fireproof Material Co. Ltd.
Yinglou Town, Liaoning
Haicheng, China 114213**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____        _____
CLERK                                                    DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐  Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left·

☐  Returned unexecuted·

☐  Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Sinosteel Corporation**
      **17B Xichang'an Street, West District**
      **Beijing, China 100031**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____                    _____
CLERK                                              DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐  Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left·

☐  Returned unexecuted:

☐  Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on _____
　　　　　　　　Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **China Metallurgical Import & Export Corporation**
      **17B Xichang'an Street, West District**
      **Beijing, China 100031**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
CLERK                                       DATE


_____
(By) DEPUTY CLERK

### RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
              Date                    Signature of Server

                                      Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Liaoning Foreign Trade General Corporation**
      **2 Hongyan Street, Xigang District**
      **Dalian, China 116001**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left·

☐ Returned unexecuted·

☐ Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
      Date

Signature of Server

Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Liaoning Jinding Magnesite Group
Nanlou Economic Development District
Liaoning, Dashiqiao, China 11503**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐  Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐  Returned unexecuted·

☐  Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Haicheng Houying Corp. Ltd.**
**Wanke Dongyuan Building No. 2015**
**Liaoning, Anshan, China 114002**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____        _____
CLERK                                   DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐  Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left·

☐  Returned unexecuted:

☐  Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Haicheng Huayu Group Import**
**& Export Co. Ltd. (Huaziyu)**
**Hua Zi Yu Village, Bali Town, Liaoning**
**Haicheng, China**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____        _____
CLERK                                   DATE

_____
(By) DEPUTY CLERK

**RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted·

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
　　　　　　　　　Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:   **Haicheng Pailou Magnesite Ore Co. Ltd.**
**Pailou Town, Haicheng**
**Anshan, China 114207**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____                    _____
CLERK                                              DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐  Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of

abode with a person of

suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left·

☐  Returned unexecuted·

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
　　　　　　　 Date

_____
Signature of Server

_____
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## District of New Jersey

**SUMMONS IN A CIVIL ACTION**

Animal Science Products, Inc. and
Resco Products, Inc.

V.

CASE NUMBER:

China National Metals & Minerals
Import & Export Corporation, et al.

TO:  **Yingkou Huachen (Group) Co. Ltd.**
     **Fenshui, Dashiqiao**
     **Liaoning, China 115100**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

an answer to the complaint which is served on you with this summons, within _____ days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendantLeft copies thereof at the defendant's dwelling house or usual place of abode with a person of

suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left·

☐ Returned unexecuted·

☐ Other (specify)·

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                 Date                    Signature of Server

                                  _____
                                  Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure