reasonable attorneys' fees, for the injuries sustained by plaintiffs by reason of defendants' violations of the Sherman Act.

4. This Court has jurisdiction over plaintiffs' Complaint pursuant to 28 U.S.C. § 1337 and 15 U.S.C. §§ 1, 15, 22, and 26. This Court has jurisdiction over plaintiffs' Complaint against defendants China National Metals & Minerals Import & Export Corporation and other directly-owned state enterprises pursuant to 28 U.S.C. § 1605.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. §§ 15, 22, and 26. This action is also appropriately assigned to the Newark Vicinage pursuant to L. Civ. R. 40.1 because defendant Minmetals, Inc. is a New Jersey corporation with its principal place of business in Leonia, Bergen County, New Jersey.

6. Jurisdiction over all defendants comports with the United States Constitution and 15 U.S.C. §§ 15, 22, and 26 and the New Jersey long-arm statute. Jurisdiction over state-owned defendants is based on 28 U.S.C. § 1608.

### III. PARTIES

7. Plaintiff Animal Science Products, Inc. ("Animal Science") is a Texas corporation with its principal place of business in Nacogdoches, Texas.

8. Plaintiff Resco Products, Inc. ("Resco Products") is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.

9. Defendant China National Metals & Minerals Import & Export Corporation ("China Minmetals"), doing business as China Minmetals, is a Chinese state-owned trading company based in Beijing. China Minmetals is a conglomerate that includes metals and minerals trading, including exports of magnesite to the United States.

10. Defendant Minmetals Inc. ("Minmetals") is a New Jersey corporation with its principal place of business in Leonia, Bergen County, New Jersey. Minmetals is a subsidiary and affiliate of China Minmetals.

11. Defendant China National Minerals Import & Export Corporation ("China National Minerals") is a Chinese trading company based in Beijing. China National Minerals is a subsidiary and affiliate of China Minmetals.

12. Defendant Xiyang Group is a Chinese corporation based in China and Hong Kong. Xiyang Group is a conglomerate that includes metals and minerals trading, including exports of magnesite to the United States.

13. Defendant Xiyang (Pacific) Import & Export Ltd. Company ("Xiyang Pacific") is a Chinese trading company based in the Liaoning province of China with offices in Hong Kong. Xiyang Pacific exports magnesite to the United States. Xiyang Pacific is a subsidiary and affiliate of Xiyang Group.

14. Defendant Xiyang Refractory Materials Ltd. Company ("Xiyang Refractory") is a Chinese company based in the Liaoning province of China. Xiyang Refractory is a producer and exporter of magnesite. Xiyang Refractory is a subsidiary and affiliate of Xiyang Group.

15. Defendant Xiyang Fireproof Material Co. Ltd. ("Xiyang Fireproof") is a Chinese corporation based in the Liaoning province of China. Xiyang Fireproof is a producer and exporter of magnesite. Xiyang Fireproof is a subsidiary and affiliate of Xiyang Group.

16. Defendant Sinosteel Corporation ("Sinosteel"), formerly China Iron & Steel Industry & Trade Group Corporation, is a Chinese corporation based in China. Sinosteel is a direct or indirectly state-owned multinational conglomerate that includes metals and minerals trading, including exports of magnesite to the United States.

17. Defendant China Metallurgical Import & Export Corporation ("China Metallurgical") is a Chinese trading company based in Beijing China. China Metallurgical exports magnesite to the United States. China Metallurgical is a subsidiary and affiliate of Sinosteel.

18. Defendant Liaoning Jiayi Metals & Minerals Co. Ltd. ("Liaoning Minmetals"), formerly known as Liaoning Metals & Minerals Import & Export Corporation, is a direct or indirectly owned state company based in the Dalian province of China. Liaoning Minmetals exports magnesite to the United States.

19. Defendant Liaoning Foreign Trade General Corporation ("Liaoning Foreign Trade") is a Chinese corporation based in the Liaoning province of China. Liaoning Foreign Trade is a producer and exporter of magnesite and other export products.

20. Defendant Liaoning Jinding Magnesite Group ("Liaoning Jinding Magnesite") is a Chinese corporation based in the Liaoning province of China. Liaoning Jinding Magnesite is a producer and exporter of magnesite.

21. Defendant Dalian Golden Sun Import and Export Corp. ("Dalian Golden Sun") is a Chinese corporation based in the Dalian province of China. Dalian Golden Sun is a producer and exporter of magnesite and other export products.

22. Defendant Haicheng Houying Corp. Ltd. ("Haicheng Huoying") is a Chinese corporation based in the Liaoning province of China. Haicheng Houying is a producer and exporter of magnesite. Haicheng Houying also maintains an office in the state of New Jersey, which acts as its foreign trade office in the United States.

23. Defendant Haicheng Huayu Group Import & Export Co. Ltd. (Huaziyu) ("Haicheng Huayu") is a Chinese corporation based in the Liaoning province of China. Haicheng Huayu is a producer and exporter of magnesite.

24. Defendant Haicheng Pailou Magnesite Ore Co. Ltd. ("Haicheng Pailou") is a Chinese corporation based in the Liaoning province of China. Haicheng Pailou is a producer and exporter of magnesite.

25. Defendant Yingkou Huachen (Group) Co., Ltd. ("Yingkou Huachen") is a Chinese corporation based in the Liaoning province of China. Yingkou Huachen is a producer and exporter of magnesite and other export products.

26. Each of these defendants, directly and through affiliates that they dominate and control in this country and outside the United States, is engaged in the business of manufacturing and selling magnesite and magnesite products in the United States and throughout the world.

27. Each of these defendants and their co-conspirators, directly and through affiliates that they dominate and control in this country and outside the United States, has colluded to control output and set artificial prices for magnesite and magnesite products pursuant to illegal horizontal agreements. These horizontal practices were designed to, and in fact did, have a substantial and adverse impact in the United States.

28. The acts charged in this Complaint as having been done by defendants and their co-conspirators, including trading companies in China, were authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management of defendants' business or affairs, and the acts charges in the Complaint continue to the present day.

IV. **CLASS ACTION ALLEGATIONS**

29. Plaintiff Animal Science brings this action on its own behalf, and under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure, as representatives of a class defined as: all persons or entities who purchase magnesite or magnesite products manufactured by defendants for delivery in the United States requiring injunctive relief against defendants to end defendants' antitrust violations (the "injunctive relief" class). Plaintiff Resco Products brings this action on its own

behalf, and under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as representative of a class defined as: all persons or entities who directly purchased magnesite or magnesite products for delivery in the United States from any of defendants or their co-conspirators from April 2000 to the date that the cartel is ended by an injunction or otherwise (the "damages" class). Excluded from both classes are all governmental entities, defendants, their co-conspirators, Chinese trading companies, and their respective subsidiaries and affiliates.

30. Members of the classes are numerous and joinder is impracticable.

31. Plaintiffs' claims are typical of the members of the classes. Plaintiffs and all members of the plaintiff classes were damaged by the same wrongful conduct by defendants.

32. Plaintiffs will fairly and adequately protect and represent the interests of the plaintiff classes. The interests of plaintiffs are coincident with, and not antagonistic to, those of the classes.

33. Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action and antitrust litigation.

34. Questions of law and fact common to the members of the classes predominate over questions, if any, that may affect only individual members because defendants have acted on grounds generally applicable to the classes. Such generally applicable conduct is inherent in defendants' collusion.

35. Questions of law and fact common to the classes include:

    (a) whether defendants combined, agreed, and conspired among themselves to fix, maintain, or stabilize prices of and control exports for magnesite and magnesite products;

    (b) the existence and duration of the horizontal agreements alleged in this Complaint to fix, maintain, or stabilize prices of, and control exports for, magnesite and magnesite products;

6

(c) whether each defendant was a member of, or participant in, the combination and/or conspiracy alleged in this Complaint;

(d) whether defendants and their co-conspirators took steps to conceal their conspiracy from plaintiffs and the plaintiff classes;

(e) whether and to what extent defendants' conduct caused injury to plaintiffs' business or property and the damages class; and, if so, the appropriate measure of damages;

(f) whether the agents, officers or employees of defendants and their co-conspirators participated in telephone calls and meetings in furtherance of the conspiracy alleged herein; and

(g) whether plaintiffs and members of the plaintiff classes are entitled to declaratory and/or injunctive relief.

36. Class action treatment is the superior (if not the only) method for the fair and efficient adjudication of this controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that it might not be practicable to pursue individually, substantially outweigh the difficulties, if any, that may arise in management of this class action.

## V.   TRADE AND COMMERCE

37. Magnesium is the eighth most abundant element on earth and constitutes about two percent of the earth's crust. Magnesite is the naturally occurring carbonate form of magnesium and