4.  China's economy has gone through a transition where decisions on pricing by companies such as Defendants are the result of their own decision-making and not the result of a government mandate. China has repeatedly represented to the World Trade Organization that this transition has occurred. With respect to the decisions about pricing of magnesite in particular, Defendants' association, the China Chamber of Commerce of Metals, Minerals & Chemicals Importers & Exporters ("CCCMC"), has represented to the U.S. Department of Commerce that

> It is well known China has established a market economy system over the past 20 years. The government, at both national and local levels, has faded out from direct involvement in the management of enterprises and become a macro regulator. It has no right to fix the prices for these enterprises, whether they are state-owned or privately owned, nor does it have the ability to influence prices by interfering in the purchase of raw materials, the channels of distribution, or company business practices. Additionally, a basic legal system for the market economy has been established in China. This system protects the independence and autonomy of enterprises, and ensures that the nature and quantity of the goods to be produced are decided by the producer at his own will, according to the demand in the market. Even state-owned enterprises are operated under the rules of market economics. Therefore, domestic prices of Chinese products as a whole are not interfered with, and they are reliable. All Chinese enterprises operate in a competitive and fully open market that relies on supply and demand to for price determination.[1]

5.  The U.S. Supreme Court has observed that cartels such as are at issue in this case are the "supreme evil of antitrust." *Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP,* 540 U.S. 398, 408 (2004). For decades, the Antitrust Division of the U.S. Department of Justice and civil Plaintiffs have asserted subject matter jurisdiction in criminal and civil actions relating to the sales of products in U.S. commerce by members of international cartels such as at issue here. As a result, the United States has a long track record of pursuing civil and criminal prosecution of cartels that affect U.S. commerce. So long as the products and services were sold in the U.S., including products and services imported from foreign nationals, U.S. antitrust enforcement

---

[1] Comments of the China Chamber of Metals, Minerals, Chemical, Importers & Exporters on Market Oriented Enterprise *available at* ia.ita.doc.gov/download/nme-moe/comments-20071210/cccmc-nme-moe-cmt-20071210.pdf (hereinafter "CCCMC Comments") (attached hereto as Exhibit 1).

against cartels reaches defendants all over the world. For example, recent antitrust prosecutions of foreign companies include:

- Vitamin and citric acid producers from France, Switzerland, Germany, Japan, Canada and the Netherlands;
- Dynamic random access memory (DRAM) manufacturers from Taiwan, Korea, Germany and Japan;
- Sorbate manufacturers from Japan and Germany;
- Marine transportation companies from Norway, Belgium and the Netherlands;
- Lysine producers from Korea and Japan; and
- Sodium gluconate producers from France, Japan and the Netherlands.[2]

This action is thus brought as a traditional action to enforce the antitrust laws of the United States against companies selling products in U.S. commerce,, actions from which companies based in China (or any other nation) are not exempt.

## II. JURISDICTION AND VENUE

6. Plaintiffs bring this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 4 and 16, to obtain injunctive relief and to recover treble damages and the costs of suit, including reasonable attorneys' fees, for the injuries sustained by Plaintiffs by reason of Defendants' violations of the Sherman Act.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1337 and 15 U.S.C. §§ 1, 15, 22, and 26. This Court has jurisdiction over this action against Defendants China Minmetals Corporation and any other directly-owned state enterprises pursuant to 28 U.S.C. § 1605.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and (d) and 15 U.S.C. §§ 15, 22, and 26.

---

[2] U.S. Dep't of Justice, Antitrust Division, "Selected Criminal Cases April 1, 1996 through September 30, 1999," *available at* http://www.usdoj.gov/atr/public/4523d.htm; "Sherman Act Violations Yielding a Corporate Fine of $10 Million or More," *available at* http://www.usdoj.gov/atr/public/criminal/212091.htm.

3

9. Jurisdiction over all Defendants comports with the United States Constitution 15 U.S.C. §§ 15, 22, and 26, and the New Jersey long-arm statute. Jurisdiction over any state-owned Defendant is based on 28 U.S.C. § 1608.

### III. PARTIES

10. Plaintiff Animal Science Products, Inc. ("Animal Science") is a Texas corporation with its principal place of business in Nacogdoches, Texas.

11. Plaintiff Resco Products, Inc. ("Resco") is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. Resco purchased magnesite directly from co-conspirators Rongyuan Magnesite Corporation and Yingkou Sanhua Refractory Material Co., Ltd. Possehl, Inc. has assigned to Resco its rights, title, and interest in and to all causes of action it may have relating to magnesite or magnesite products brokered by Possehl, Inc. and subsequently delivered to Resco during the relevant period. Possehl, Inc. purchased magnesite and magnesite products directly from defendants during the class period and shipped those products to Resco.

12. Defendant China Minmetals Corporation ("China Minmetals"), formerly known as China National Metals & Minerals Import & Export Corporation, is a Chinese state-owned trading company based in Beijing. China Minmetals is a conglomerate that includes the trading of metals and minerals. It conducts business with and through its wholly owned subsidiary and North American Headquarters, China Minmetals U.S.A., Inc., which maintains its principal place of business in Leonia, Bergen County, New Jersey. China Minmetals directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

13. Defendant China National Minerals Co., Ltd. ("China National Minerals") is a Chinese trading company based in Beijing. China National Minerals is a subsidiary and affiliate of

4

China Minmetals. China National Minerals directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

14. Defendant Xiyang Group, also known as Haicheng Xiyang Group, is a Chinese corporation based in China and Hong Kong. Xiyang Group is not state-owned. Xiyang Group is a conglomerate that engages in metals and minerals trading among other things, including exports of magnesite to the United States.

15. Defendant Xiyang (Pacific) Import & Export Ltd. Company ("Xiyang Pacific") is a Chinese trading company based in the Liaoning province of China with offices in Hong Kong. Xiyang Pacific is a subsidiary and affiliate of Xiyang Group. Xiyang Pacific has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

16. Defendant Xiyang Refractory Materials Ltd. Company ("Xiyang Refractory") is a Chinese company based in the Liaoning province of China. Xiyang Refractory is a subsidiary and affiliate of Xiyang Group. Xiyang Refractory is a producer and exporter of magnesite.

17. Defendant Xiyang Fireproof Material Co. Ltd. ("Xiyang Fireproof") is a Chinese corporation based in the Liaoning province of China. Xiyang Fireproof is a subsidiary and affiliate of Xiyang Group. Xiyang Fireproof is a producer and exporter of magnesite.

18. Defendant Sinosteel Corporation ("Sinosteel"), formerly China Iron & Steel Industry & Trade Group Corporation, is a Chinese corporation based in China. Sinosteel is a direct or indirectly state-owned multinational conglomerate that includes metals and minerals production and trading.

19. Defendant Sinosteel Trading Company ("Sinosteel Trading"), formerly known as China Metallurgical Import & Export Corporation, is a wholly-owned subsidiary of Sinosteel and is

5

based in Beijing China. Sinosteel Trading has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

20. Defendant Liaoning Jiayi Metals & Minerals Co. Ltd. ("Liaoning Jiayi"), formerly known as Liaoning Metals & Minerals Import & Export Corporation and also known as Liaoning Jiayi Industrial Development Co., is a Chinese corporation based in the Dalian province of China. Liaoning Jiayi is not state-owned. Liaoning Jiayi has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

21. Defendant Liaoning Foreign Trade General Corporation ("Liaoning Foreign Trade") is a privately owned Chinese corporation based in the Liaoning province of China. Liaoning Foreign Trade is not state-owned. Liaoning Foreign Trade is a producer and exporter of magnesite and other export products.

22. Defendant Liaoning Jinding Magnesite Group ("Liaoning Jinding Magnesite") is a Chinese corporation based in the Liaoning province of China. Liaoning Jinding Magnesite operates two magnesite mines and is a producer and exporter of magnesite. Liaoning Jinding Magnesite is not state-owned. Liaoning Jinding Magnesite has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

23. Defendant Dalian Golden Sun Import and Export Corp. ("Dalian Golden Sun") is a Chinese joint-stock limited corporation based in the Dalian province of China. Dalian Golden Sun has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

24. Defendant Haicheng Houying Corp. Ltd. ("Haicheng Houying") is a Chinese corporation based in the Liaoning province of China. Hiacheng Houying is not state-owned.

6

Haicheng Houying also maintains an office in the state of New Jersey, which acts as its foreign trade office in the United States. Haicheng Houying is a producer and exporter of magnesite. Haicheng Houying has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

25.  Defendant Haicheng Huayu Group Import & Export Co. Ltd. (Huaziyu) ("Haicheng Huayu") is a Chinese corporation based in the Liaoning province of China. Haicheng Huayu is a producer and exporter of magnesite. Hiacheng Huayu is not state-owned. Haicheng Huayu has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint.

26.  Defendant Haicheng Pailou Magnesite Ore Co. Ltd. ("Haicheng Pailou") is a Chinese corporation based in the Liaoning province of China. Haicheng Pailou is a producer and exporter of magnesite.

27.  Defendant Yingkou Huachen (Group) Co., Ltd. ("Yingkou Huachen") is a Chinese corporation based in the Liaoning province of China. Yingkou Huachen is not state-owned. Yingkou Huachen is a producer and exporter of magnesite products. Yingkou Huachen has directly sold magnesite products to U.S. companies and shipped magnesite products to the United States during the period described in this Complaint. Defendant Yingkou Huachen is currently operating under the name Jiachen Group Co., Ltd. ("Jiachen Group").

28.  Defendants' co-conspirators include Rongyuan Magnesite Corporation of China, subsequently renamed Shangawa Rongyuan Refractories Co., Ltd, Yingkou Sanhua Refractory Material Co., Ltd., subsequently renamed Yingkou Wonjin Refractory Material Co., Ltd., Shenyang Metals and Minerals, and CITIC Trading.

29.  Each of these Defendants and its co-conspirators has colluded with each other to restrain competition by, among other things, setting artificial prices pursuant to illegal horizontal

7